FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 8:36 am, May 28, 2020

# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO. 4:10-cr-159 |
| | * | |
| v. | * | |
| | * | |
| JERMAINE TANDY, | * | |
| | * | |
| Defendant, | * | |

## ORDER

Presently before the Court is Jermaine Tandy's ("Tandy") Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), as modified by the First Step Act of 2018. Dkt. No. 914. For the reasons set forth below, Tandy's motion is **DISMISSED**.

## BACKGROUND

In September 2011, under a written plea agreement, Tandy pleaded guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. Dkt. Nos. 580, 581. On May 9, 2012, the Court sentenced Tandy to a term of 210 months' imprisonment. Dkt. No. 650. Tandy's direct appeal was dismissed by the Court of Appeals for failure to prosecute. Dkt. No. 676. In June 2015, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Tandy's sentence to 168 months' imprisonment. Dkt. No. 823.

According to the BOP website, Tandy is currently incarcerated at Estill FCI located in Estill, South Carolina, with a projected release date of June 15, 2022.

## DISCUSSION

Tandy now moves the Court for a reduction in sentence in the form of home confinement.  Dkt. No. 914.  Tandy's motion is primarily based on the COVID-19 pandemic and his assertion of danger to his health.  While Tandy states in his motion that he requests home confinement pursuant to the CARES Act, i.e. the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020, it is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release.  The BOP is utilizing its authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act.[1] These statutes do not authorize a

---

[1] On March 26, 2020, the Attorney General directed the Director of BOP, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, see 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g). Further, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, permits BOP, if the Attorney General finds that emergency conditions will materially affect the functioning

2

federal court to order the BOP to release a prisoner.  See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also United States v. Lovelace, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 2014) ("[T]he Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." (citing 18 U.S.C. §§ 3621(b) & (b)(5))).  The Court will thus liberally construe Tandy's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Before a prisoner can file a motion under § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).  As the Government notes, Tandy does not aver

---

of the BOP, to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." On April 3, 2020, the Attorney General issued a memorandum directing BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and at other similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from the Attorney General to the Director of the Bureau of Prisons (Apr. 3, 2020), available at https://www.justice.gov/file/1266661/download. As a result, the BOP implemented the Attorney General's directive.

3

that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19.  The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential treatment to inmates who prematurely file motions with the Court. Having found that Tandy has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Tandy's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))).

Accordingly, Tandy's motion, dkt. no. 914, is **DISMISSED**.

**SO ORDERED**, this 28th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4

AO 72A
(Rev. 8/82)